# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DERRICK J. STOVALL,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
CH-0752-15-0245-I-1

DATE: September 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Gaunt</u>, Esquire, Indianapolis, Indiana, for the appellant.

<u>Benjamin B. Hamlow</u>, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction pursuant to the appeal rights waiver provision of the last chance agreement (LCA) by which the parties settled his earlier appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency removed the appellant for unacceptable performance in 2011, which action he appealed to the Board and the parties subsequently resolved through a LCA.  Initial Appeal File (IAF), Tab 5 at 22-25.  Under the terms of the LCA, the agency agreed to cancel the removal and return the appellant to work, and he agreed to, among other things, maintain acceptable performance for a 2-year last chance period from May 1, 2012, to April 30, 2014.  *Id.* at 22-23.  The LCA provided that, if the appellant failed to maintain acceptable performance in one or more critical elements during the last chance period, the agency could summarily remove him from Federal service after notifying him of the deficiency and affording him at least 30 days to improve.  *Id.* at 23.  The LCA further provided that the appellant waived all appeal rights in connection with the summary removal, except the opportunity to file a petition for enforcement to enforce the terms of the LCA.  *Id.*  The administrative judge entered the LCA into the record for purposes of enforcement, finding it lawful on its face and that the parties entered into it voluntarily and with understanding of its terms, and

dismissed the appeal as settled.  *Stovall v. Department of Defense*, MSPB Docket No. CH-0432-11-0471-I-1, Initial Decision (Dec. 23, 2011).

¶3      One day before the end of the last chance period, on April 29, 2014, the agency summarily removed the appellant in accordance with the LCA due to unacceptable performance in critical element 2(b), which required him to maintain an average accuracy rating of 96% to 99%.  IAF, Tab 5 at 19-21.  The appellant appealed the removal to the Board, which he styled as a petition for enforcement of the LCA, and the administrative judge dismissed the appeal for lack of jurisdiction on the basis of the appeal rights waiver in the LCA.  *Stovall v. Department of Defense*, MSPB Docket No. CH-0432-11-0471-C-1, Compliance Initial Decision at 1 (July 21, 2014).  The appellant petitioned for review, and the Board found that the administrative judge had failed to give the appellant the correct jurisdictional notice and forwarded the self-styled petition for enforcement to the regional office for docketing as a new appeal of the removal pursuant to the LCA.  *Stovall v. Department of Defense*, MSPB Docket No. CH-0432-11-0471-C-1, Final Order at 5-7 (Feb. 4, 2015).  After docketing the new appeal, the administrative judge provided the appellant notice of his jurisdictional burden and afforded him 15 calendar days to respond.  IAF, Tab 3.  After considering the appellant's submissions, the administrative judge dismissed the appeal, finding that the appellant failed to make a nonfrivolous allegation that would permit the Board to assert jurisdiction over his appeal notwithstanding the appeal rights waiver in the LCA.[2]  IAF, Tab 10, Initial Decision (ID).

---

[2] The regional office did not include a copy of the appellant's petition for enforcement in the new appeal file, but rather included a copy of the appellant's 2011 petition for appeal form.  *See* IAF, Tab 1.  We discern no prejudice to the appellant caused by this error.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶4 The appellant has filed a petition for review, and the agency has responded in opposition to the appellant's petition for review. Petition for Review (PFR) File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board lacks jurisdiction over an action taken pursuant to a LCA in which an appellant waives his right to appeal to the Board. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). As the administrative judge correctly explained in her order on jurisdiction, to establish that a waiver of appeal rights in a LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.*; IAF, Tab 3. Where an appellant raises a nonfrivolous factual issue of compliance with a LCA, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights in the LCA. *Willis*, 105 M.S.P.R. 466, ¶ 18. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id*.

¶6 On review, the appellant argues that the administrative judge erred in dismissing his case for lack of jurisdiction because, among other things, the agency violated the LCA and acted in bad faith by changing the performance standards after the parties entered into the LCA and failing to afford him a meaningful opportunity to improve his performance.[3] PFR File, Tab 3. In

---

[3] The appellant also argues that the agency violated the collective bargaining agreement and internal agency regulations and policies and harassed him, discriminated against him, and retaliated against him. PFR File, Tab 3 at 12-13. Even if true, however, these allegations are irrelevant to the dispositive issue, i.e., whether the Board may exercise jurisdiction over the removal appeal notwithstanding the waiver of appeal rights in the LCA. *See Willis*, 105 M.S.P.R. 466, ¶ 17. Further, for the first time on review, the appellant argues that the LCA is vague and contrary to public policy. PFR File, Tab 3

support of his petition for review, the appellant submits an "affidavit" reasserting many of the arguments made in his petition for review.[4] *Id.* at 9-10.

¶7        As the administrative judge correctly determined, however, the appellant has failed to nonfrivolously allege that the agency materially breached the LCA or acted in bad faith.  ID at 3.  Although the appellant alleges that the agency changed his performance standards and the way it calculated his accuracy rating during the last chance period, he has failed to provide any evidence in support of his contention.  *See* PFR File, Tab 3; *see also* IAF, Tabs 4, 6, 8.  The agency, in contrast, has submitted copies of the appellant's performance plan, quarterly performance reviews, production reports, and memoranda for the record showing that he was below the minimum accuracy rate of 96% for much of the 2-year last chance period and that his supervisor repeatedly met with him to discuss the accuracy rating and offer help to improve his performance.  IAF, Tab 5.  None of these documents indicate that the agency materially changed the appellant's performance standards or the manner by which his performance was evaluated during the last chance period.  *See id.*  Moreover, the LCA explicitly provided that the appellant's performance "will be deemed unacceptable if the Agency, i[n] its sole discretion, determines that Appellant has failed to meet a critical element of his position" and that he "agrees and understands that his performance will be evaluated in accordance with his position standards and applicable Agency

at 2-4.    However, the appellant sought "enforcement" of the LCA before the administrative judge and did not raise any challenge to the validity of the LCA at that time, *see* MSPB Docket No. CH-0432-11-0471-C-1, IAF, Tabs 1, 3, or in the proceeding below, *see* IAF, Tabs 4, 6, 8.  Thus, we need not consider his assertions raised for the first time on review.  *See Ringo v. Department of Defense*, 122 M.S.P.R. 91, ¶ 8 n.* (2015).

[4] The agency argues that the Board should not consider the appellant's affidavit because, among other reasons, he has submitted it for the first time on review and has failed to show that the information therein was unavailable prior to the close of the record below.  PFR File, Tab 5 at 21-22.  Because the affidavit contains arguments relevant to this appeal, we have considered the allegations therein as part of the petition for review.

policy." *Id.* at 23. The appellant has not alleged that the agency failed to evaluate his performance in accordance with his position standards and agency policy and thus has not shown that the agency materially breached the LCA. *See* PFR File, Tab 3 at 5-6.

¶8      The appellant also argues that the agency breached the LCA and acted in bad faith by failing to give him a "fair and meaningful opportunity to improve" prior to removing him. *Id.* at 5, 9. The LCA provided that, if the appellant's performance was unacceptable during the last chance period, the agency could summarily remove him after giving him notice of his unacceptable performance and allowing him at least 30 days to improve. IAF, Tab 5 at 23. In accordance with this term, the agency notified the appellant on February 26, 2014, that his performance was deficient and allowed him 30 days to improve.[5] *Id.* at 30-33. The appellant failed to improve his performance sufficiently during the 30-day period, and the agency notified him on April 29, 2014, that it was removing him pursuant to the LCA. *Id.* at 20-21. Accordingly, we find that the administrative judge correctly found no merit to the appellant's argument that the agency breached the LCA or acted in bad faith.

¶9      As the appellant has failed to show that the LCA should not be enforced, we must next address the scope and applicability of the waiver of appeal rights provision in the agreement. *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 17 (2010). As noted above, the LCA provided that, if the appellant failed to maintain acceptable performance in one or more critical elements during the last chance period, the agency could, after affording him notice of the deficiency and 30 days to improve, summarily remove him without first placing him on a new performance improvement plan. IAF, Tab 5 at 23. The LCA further provided that the appellant "freely and voluntarily waives his rights under title 5 of the United States Code, and/or applicable collective bargaining agreement, to both

---

[5] The agency repeatedly cautioned the appellant about his performance during the last chance period. *See* IAF, Tab 5 at 43-123.

(1) notice of and an opportunity to respond to the removal action and (2) appeal the removal action in any administrative or judicial form, or under the terms of any applicable collective bargaining agreement."[6] *Id.*  The final terms of the LCA reflect that the appellant "acknowledges that he fully understands all of the provisions of this agreement and has entered into this agreement knowingly and voluntarily after full deliberation" and that "the parties knowingly give up certain rights afforded them so as to avoid the cost and uncertainty of further administrative processing or litigation."[7] *Id.* at 24-25.  We find that this language constitutes a clear and unequivocal waiver of the appellant's right to appeal the April 29, 2014 removal to the Board.  *See Rhett*, 113 M.S.P.R. 178, ¶ 17.

¶10    For the foregoing reasons, we find that the Board lacks jurisdiction over the appellant's appeal of the April 29, 2014 removal, and the administrative judge correctly dismissed it for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[6] Contrary to the appellant's argument on review, it is well settled that a knowing and voluntary waiver of Board appeal rights in an LCA is not void as a matter of public policy. *McCall v. U.S. Postal Service*, 839 F.2d 664, 666-67 (Fed. Cir. 1988); *Harris v. Department of the Air Force*, 81 M.S.P.R. 537, ¶ 11 (1999).

[7] The LCA provided that the parties agreed to a 21-day acceptance period during which the appellant could consider the agreement and consult with legal counsel prior to executing the agreement. IAF, Tab 5 at 23. It further provided that the appellant could revoke the agreement at any time during the 7 days following the execution of the agreement. *Id.* at 23-24.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　 _____
　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.